**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RAKESH VERMA,

        Plaintiff,

vs.                                                Case No. 3:15-cv-1384-J-32MCR

SHERIFF OF JACKSONVILLE,

        Defendant.

## ORDER

This case is before the Court on pro se plaintiff's complaint (Doc. 1) and "Petition for Emergency Injunction Preventing Arrest or Confinement" (Doc. 2). In his petition, plaintiff describes having recently been arrested on battery charges and released on bail in proceedings held before Judge Arias, who is a County Court Judge in the Fourth Judicial Circuit in and for Duval County, Florida. Plaintiff states that although the alleged battery victim attempted to have plaintiff held under the Baker Act (Florida Statute 394.463), he was not confined when he appeared before the Judge on November 10, 2015 but continues to be subject to a non-contact order and must also submit to a psychological evaluation. Plaintiff seeks "an injunction to prevent confinement based on the battery charge, whether it be mental or criminal or any other charge that could originate from this charge." Doc. 2 at 1.

A federal court has no authority to restrain pending state criminal prosecutions. See Younger v. Harris, 401 U.S. 37, 41 (1971). Thus, there is no basis to issue a temporary restraining order or to consider the motion as one for preliminary injunction. See Fed. R. Civ.


P. Rule 65; Local Rule 4.05 and 4.06; see also Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (setting out four part test to secure temporary restraining order or preliminary injunction). Plaintiff's motion (Doc. 2) is **denied**.

Plaintiff's complaint states that he was arrested and confined without cause in violation of his due process rights. See Doc. 1. Although plaintiff has not stated any basis to secure an injunction to restrain the pending state criminal prosecution, he can pursue a claim for false arrest and false imprisonment in violation of his civil rights pursuant to 42 U.S.C. § 1983. However, such a claim would likely be stayed pending the outcome of his criminal proceedings in state court. See Wallace v. Kato, 594 U.S. 384, 393 (2007). No later than **December 4, 2015**, plaintiff shall advise whether there is any basis why the Court should not stay this matter pending the outcome of the criminal proceedings. If the case is stayed, the Court would direct plaintiff to file a notice to advise when all state proceedings have concluded, at which time this case would be reopened and the matter would proceed.

**DONE AND ORDERED** at Jacksonville, Florida at this 23rd day of November, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

pro se plaintiff